UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JESSE GALINDO, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:13-CV-413 |
| | § | |
| CITY OF CORPUS CHRISTI, *et al*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND RECOMMENDATION
TO DISMISS PLAINTIFF'S CLAIMS**

In this civil rights action, Plaintiff Jesse Galindo complains that Corpus Christi police officers used excessive force when they arrested him on June 11, 2011, and that the City of Corpus Christi and its Police Department were complicit in the application of force, in violation of Plaintiff's federal constitutional rights.

Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996), any prisoner action brought under federal law must be dismissed if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. §§ 1915(e)(2), 1915A. Plaintiff's action is subject to screening regardless whether he prepays the entire filing fee or proceeds as a pauper. *Ruiz v. United States,* 160 F.3d 273, 274 (5th Cir. 1998) (per curiam); *Martin v. Scott*, 156 F.3d 578, 580 (5th Cir. 1998) (per curiam), *cert. denied*, 527 U.S. 1041 (1999). Plaintiff's *pro se* complaint must be read indulgently, *Haines v. Kerner,* 404 U.S. 519, 520 (1972), and his allegations

must be accepted as true, unless they are clearly irrational or wholly incredible, *Denton v. Hernandez,* 504 U.S. 25, 33 (1992).

Applying these standards, because Plaintiff's claims were filed outside of the applicable two-year statute of limitations, it is respectfully recommended that Plaintiff's civil action be dismissed with prejudice for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1).

**I.     Jurisdiction.**

The Court has federal question jurisdiction over this civil rights action pursuant to 28 U.S.C. § 1331.  This case has been referred to the undersigned United States Magistrate Judge for pretrial management and furnishing the District Court with a memorandum and recommendation on all dispositive motions pursuant to 28 U.S.C. § 636(b) and Special Order C-2013-01.

**II.    Background facts and Plaintiff's allegations.**

Plaintiff is a prisoner in the Texas Department of Criminal Justice, Criminal Institutions Division (TDCJ-CID), and is currently incarcerated at the Jester III Unit in Richmond, Texas, although his complaint concerns events that occurred while he was located in Corpus Christi, Texas.  He filed his original complaint on December 19, 2013, and named the following entities and individuals as defendants:  (1) the City of Corpus Christi; (2) the Corpus Christi Police Department; (3) Officer Sam Westenberger; and (4) Officer John Doe.  (D.E. 1).

On January 9, 2014, Plaintiff filed a motion for stay and abeyance, seeking to postpone the presentation of his claims until after his release from TDCJ custody in June 2014, for the alleged purpose of allowing him additional time to locate and employ legal counsel. (D.E. 8).

On January 24, 2014, a *Spears*[1] hearing was conducted to provide Plaintiff an opportunity to detail his claims. The following allegations were made in Plaintiff's original complaint (D.E. 1) or at the hearing, and are set forth from his perspective:

In 2011, Plaintiff was a resident of San Antonio, Texas. In June 2011, Plaintiff arrived in Corpus Christi, Texas, to voluntarily admit himself to Charlie's Place, a residential treatment center for drug and alcohol abuse. Plaintiff attended a five-day detoxification program, and upon his release, he reported to the local Greyhound bus station to purchase his return ticket to San Antonio, arriving there approximately between 4:00 to 5:00 p.m. Plaintiff was advised that the bus to San Antonio did not leave until 11:00 p.m. While waiting for the bus, Plaintiff purchased alcohol which, by his own admission, he consumed to the point of intoxication.

Upon his return to the bus station, Plaintiff attempted to ask the clerk at the ticket counter about the estimated arrival/departure time for his bus to San Antonio. Plaintiff admits that his eyes were red and that he knocked on the door trying to get the clerk's

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985*); see also Eason v. Holt*, 73 F.3d 600, 603 (5th Cir. 1996) (stating that testimony given at a *Spears* hearing is incorporated into the pleadings).

attention. The clerk called the police, and two Corpus Christi police officers responded, Officer Sam Westenberger and his partner, Officer John Doe.

When the police arrived, Plaintiff was sitting quietly on an outside bench near the bus station entrance. The officers approached Plaintiff and Officer Westenberger commented that Plaintiff "smelled like beer." Officer Westenberger asked Plaintiff if he had been drinking, and Plaintiff admitted he had. Officer Westenberger charged Plaintiff with public intoxication and stated that he would be held in custody that night, but released in the morning in time to catch the bus to San Antonio. In response, Plaintiff stood and put his arms behind his back while Officer Westenberger placed him in handcuffs.

Plaintiff complained that the handcuffs were too tight and he asked that they be loosened. Officer Westenberger indicated he would loosen the handcuffs, but he was laughing as he said this, and he actually tightened the cuffs, causing Plaintiff pain. Because he was in pain, Plaintiff abruptly swung his head around to look at Officer Westenberger, accidently knocking heads with him. Officer Westenberger became angry and tackled Plaintiff where he landed on his side. Officer John Doe held Plaintiff down with one of his boots on Plaintiff's face, and Officer Westenberger stepped on Plaintiff's side. The officers then pulled Plaintiff to his feet, and then placed him in Officer Doe's patrol car.

Officer Doe drove plaintiff to the City Detention Center and escorted him inside. Officer Westenberger arrived in a separate vehicle. Officer Westenberger and Officer Doe both assaulted Plaintiff as they placed him in the holding cage, twisting his arms and

using their knees to push him in. Plaintiff requested the arresting officers' names and badge numbers, but they refused to provide them.

Later, a female officer escorted Plaintiff to the Nueces County Jail. At the Jail, Plaintiff was evaluated at the infirmary. He had bumps on the back of his head and his back hurt; however, he did not require stiches or x-rays. No pictures were taken of his injuries. He has no lasting injuries from the June 11, 2011 incident.

Plaintiff was charged with assaulting a public servant. Plaintiff elected to plead guilty and he received a three-year sentence, which he is currently serving. Plaintiff anticipates that he will discharge his sentence and be released in June 2014. Plaintiff is currently at the TDCJ's medical unit, Jester III, for rehabilitation of a broken ankle unrelated to his claims herein.

For relief, Plaintiff wants to "pursue criminal and civil action[s]". (D.E. 1, p. 4). In addition, he seeks compensatory damages for his injuries, pain and suffering related to the assault.

## III. Discussion.

### A. Legal standard.

Regardless of whether a plaintiff has properly exhausted his administrative remedies, his action may be dismissed for failure to state a claim upon which relief can be granted. 42 U.S.C. § 1997e(c)(2). "To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person

acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988); *see also Biliski v. Harborth*, 55 F.3d 160, 162 (5th Cir. 1995). An action may be dismissed for failure to state a claim when it is clear that the prisoner can prove no set of facts in support of his claim entitling him to relief. *Oliver v. Scott*, 276 F.3d 736, 740 (5th Cir. 2002). The complaint must be liberally construed in favor of the prisoner and the truth of all pleaded facts must be assumed. *Id.*

### B.     The Police Department is not a proper defendant.

Plaintiff has named the Corpus Christi Police Department as a defendant. However, a department of a municipality is not a "person" for purposes of § 1983 liability, and is therefore not an appropriate party. *See Darby v. Pasadena Police Dep't*, 939 F.2d 311, 313-14 (5th Cir. 1991). Thus, the Police Department should be dismissed as a defendant. The remaining defendants for consideration in this action are the City of Corpus Christi, Officer Westenberger, and Officer John Doe.

### C.     Plaintiff's claims are barred by the statute of limitations.

Plaintiff is suing Defendants for alleged incidents of excessive force that occurred on June 11, 2011. Plaintiff executed his Original Complaint on December 21, 2013, over thirty (30) months after the alleged excessive force. (D.E. 1, p. 5).

There is no federal statute of limitations for section 1983; instead, the federal courts borrow the forum state's general or residual personal injury limitations period. *Rodriguez v. Holmes*, 963 F.2d 799, 803 (5th Cir. 1992) (citing *Owens v. Okure*, 488 U.S.

235 (1989)).  In Texas, the applicable limitations period is two years.  Tex. Civ. Prac. & Rem. Code § 16.003(a)[1]; *see also Rodriguez*, 963 F.2d at 803.

Accrual of a § 1983 claim is governed by federal law.  *Rodriguez*, 963 F.2d at 803. A cause of action accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action.  *Gonzales v. Wyatt*, 157 F.3d 1016, 1020 (5th Cir.1998). The forum state's tolling provisions are applied unless they are inconsistent with federal law.  *Slack v. Carpenter*, 7 F.3d 418, 420 (5th Cir. 1993).   Time during which administrative remedies are pursued tolls the limitation period.  *Harris v. Hegmann*, 198 F.3d 153 (5th Cir. 1999); *Gartrell v. Gaylor*, 981 F.2d 254 (5th Cir. 1993).

In this case, Plaintiff charges that the Defendant officers used excessive force against him on June 11, 2011,  and that the City of Corpus Christi either failed to train its officers properly or had in place an unconstitutional policy or practice that permitted officers to use excessive force on that date.  Thus, Plaintiff's cause of action accrued on June 11, 2011, and limitations began to run from that date.  Plaintiff executed his original complaint on December 21, 2013, (*see* D.E. 1, p. 5), that is the earliest possible date his complaint could have been deposited into the prison mail system, and it is deemed filed on that date.  *See Spotville v. Cain*, 149 F.3d 374, 376 (5th Cir. 1998); *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995) (relying on *Houston v. Lack*, 487 U.S. 266 (1988)).  Applying the two-year limitations period from the December 21, 2013 date, any

---

[1] "[A] person must bring suit for trespass for injury to the estate or to the property of another, conversion of personal property, taking or detaining the personal property of another, personal injury, forcible entry and detainer, and forcible detainer not later than two years after the day the cause of action accrues." TEX. CIV. PRAC. & REM. CODE § 16.003(a).

claims that arose prior to December 21, 2011 are barred by the two-year statute of limitations, unless the plaintiff is entitled to tolling. In this case, however, Plaintiff admits that he did not attempt to exhaust his administrative remedies, nor does he offer any other grounds that would entitle him to tolling. Plaintiff's claims arose on June 11, 2011, but he did not file his complaint until December 21, 2013, over 6 months too late. As such, his complaint is barred by limitations.

### IV. Recommendation.

On its face, Plaintiff's complaint against all Defendants is barred by the applicable two-year statute of limitations. Accordingly, it is respectfully recommended that all of Plaintiff's claims be dismissed with prejudice for failure to state a claim as barred by limitations.

Respectfully submitted this 12th day of February, 2014.

Jason B. Libby
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).