UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| JESSE GALINDO, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:13-CV-413 |
| | § | |
| CITY OF CORPUS CHRISTI, *et al*, | § | |
| | § | |
| Defendants. | § | |

## ORDER DENYING PLAINTIFF'S
## MOTION FOR RECONSIDERATION

Pending is Plaintiff's motion for reconsideration (D.E. 18), and supplement thereto (D.E. 19). For the reasons stated herein, Plaintiff's motion is denied.

**I.   Jurisdiction.**

The Court has federal question jurisdiction. 28 U.S.C. § 1331.

**II.   Procedural background.**

Plaintiff is a Texas state prisoner, currently confined at the Jester III Unit in Richmond, Texas. He filed his original complaint on December 19, 2013, alleging that on June 11, 2011, two Corpus Christi police officers used excessive force against him in violation of his constitutional rights such that he was entitled to damages against the officers, as well as against the City of Corpus Christi for failure to properly train its police officers. (D.E. 1).

On January 24, 2014, a *Spears*[1] hearing was conducted, and by Memorandum and Recommendation entered February 12, 2014, the magistrate judge assigned to screen this action in accordance with 28 U.S.C. § 1915A recommended that Plaintiff's §1983 claims be dismissed with prejudice for failure to state a claim upon which relief can be granted and/or as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) because his claims were barred by the applicable two-year statute of limitations. (D.E. 13). Plaintiff filed objections to the recommendation (D.E. 15), which were received and reviewed by this Court. On March 25, 2014, the Court adopted the recommendation, and entered final judgment dismissing Plaintiff's claims with prejudice. (D.E. 16, 17).

On April 7, 2014, Plaintiff filed the instant motion for reconsideration, (D.E. 18), and on May 8, 2014, Plaintiff filed a supplement. (D.E. 19).

### III.    Rule 59(e).

Effective December 1, 2009, any motion asking the Court to revisit its judgment filed within twenty-eight (28) days after the entry of judgment is considered made pursuant to Rule 59(e). *Days v. Johnson*, 322 F.3d 863, 865 n.3 (5th Cir. 2003) (per curiam); *Bass v. Department of Agriculture*, 211 F.3d 959, 962 (5th Cir. 2000); *Fletcher v. Apfel*, 210 F.3d 510, 511 (5th Cir. 2000). Here, final judgment was entered on March 25, 2014. (D.E. 17). Plaintiff filed his motion for reconsideration on April 7, 2014, well within the twenty-eight days authorized by Rule 59(e). Therefore, Plaintiff's motion is properly considered under Rule 59(e).

---

[1] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

A motion to alter or amend judgment must clearly establish either a manifest error of law or fact or must present newly discovered evidence. *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005) (internal quotations omitted). A Rule 59(e) motion serves the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence. *Templet v. HydroChem Inc.*, 367 F.3d 473, 478-79 (5th Cir. 2004). A Rule 59(e) motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment. *Id.* Importantly, a Rule 59(e) motion is not proper to re-litigate matters that have been resolved to the movant's dissatisfaction and a party cannot attempt to obtain "a second bite at the apple" on issues that were previously addressed by the parties and the court. *North Cypress Medical Center Operating Co. v. Blue Cross Blue Shield*, 2010 WL 2245075 at * 1 (S.D. Tex. June 2, 2010) (unpublished). Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly. *Templet*, 367 F.3d at 479.

## IV.   Analysis.

The facts of this case are detailed in the February 12, 2014 recommendation (D.E. 13), and need not be repeated here. In short, Plaintiff testified that on June 11, 2011, two Corpus Christi police officers used excessive force against him in violation of his constitutional rights. He sought damages against the officers and also against the City of Corpus Christi for failure to train its police officers. (D.E. 1). The magistrate judge recommended that Plaintiff's claims be dismissed as barred by the two-year statute of limitations. (*See* D.E. 13, pp. 6-8). Plaintiff filed an objection to the recommendation in

which he submitted a signed release for the Court to access his TDCJ medical records. Plaintiff did not address the fact that he had filed his lawsuit on December 26, 2013, over six months after the two-year limitations period had run. (D.E. 15).

In his motion for reconsideration (D.E. 18), Plaintiff points out that he is "a novice when it comes to law," and that he does not have the means to have documents notarized. (D.E. 18, p. 1). He states that the current mailroom supervisor, Ms. Baker, has reviewed the mail log and has confirmed that a "package was sent from petitioner to this court" on June 12, 2013, instead of December 21, 2013. *Id. See also,* D.E. 19, p. 3, (statement of law library clerk with dates on which Plaintiff sent legal mail). However, despite the fact that Plaintiff may have sent correspondence to this Court in June 2013, this information has no bearing on the fact that his original complaint was executed on December 21, 2013. (*See* D.E. 1, p. 5). Indeed, Plaintiff twice dates his complaint as December 21, 2013. *Id.* Under the prison mailbox rule, the date a prisoner signs the pleading is the earliest date it can be placed in the prison mail system and it is thus deemed the earliest date it could have been filed for purposes of calculating limitations. *See Spotville v. Cain,* 149 F.3d 374, 376 (5th Cir. 1998). Plaintiff's original complaint, filed at the earliest on December 21, 2013, and complaining about events that occurred on June 11, 2011, is barred by limitations. Plaintiff has failed to offer any valid Rule 59(e) grounds to reconsider the dismissal of his claims.

## V. Conclusion.

There was no manifest error of law, and Plaintiff fails to offer any new evidence to support his Rule 59(e) motion for reconsideration. Accordingly, Plaintiff's Rule 59(e) motion for reconsideration (D.E. 18) is DENIED.

ORDERED this 12th day of May, 2014.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE